Matter of Ja.W. (2026 NY Slip Op 01623)

Matter of Ja.W.

2026 NY Slip Op 01623

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Docket No. NN-23438-40/23|Appeal No. 6128, 6129, 6130, 6131|Case No. 2024-02869, 2024-02936, 2025-00509, 2025-00517|

[*1]In the Matter of Ja.W. and Others, Children under Eighteen Years of Age, etc., D.A. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for appellants.
Muriel Goode-Trufant, Corporation Counsel, New York (Eva J. Jerome of counsel), for respondent.
Donna C. Chin, New York, attorney for the children, J.W. and J.A.
Steven N. Feinman, White Plains, attorney for the child, D.A.

Order of fact-finding, Family Court, Bronx County (Cynthia Lopez, J.), entered on or about March 28, 2024, which found that respondent neglected her three children, unanimously reversed, on the law, without costs, and the finding vacated. Appeal from orders, same court and judge, entered on or about April 24, 2024 and October 23, 2024, which placed the children in the custody of the Commissioner of Social Services of Bronx County and continued that placement, unanimously dismissed, without costs, as moot.
The court's determination that the mother neglected the subject children was not supported by a preponderance of the evidence (Nicholson v Scoppetta, 3 NY3d 357, 371 [2004]). Neglect occurs when a child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as the result of the parent's failure to "exercise a minimum degree of care" (Family Ct Act § 1012 [f][i]). "While parental neglect may be based on mental illness, proof of a parent's mental illness alone will not support a finding of neglect, unless it is shown that the parent's condition resulted in imminent danger to the child" (Matter of I.G. [D.V.], 242 AD3d 575, 576 [1st Dept 2025] [internal citation and quotation marks omitted]).
Although the mother testified that she was diagnosed with anxiety and depression, the record does not support a finding of "a link or causal connection" between the mother's diagnoses and any impairment or imminent danger of impairment to the children (see Nicholson, 3 NY3d at 369; Matter of I.G. [D.V.], 242 AD3d at 576). The sole evidence of actual impairment was a burn on one of the children, and the uncontroverted testimonial and documentary evidence establish that the injury was accidental and that the mother provided care (see Matter of Allison B., 46 AD3d 313, 313 [1st Dept 2007]).
Further, petitioner failed to establish how the mother's mental health diagnoses caused the children to be in imminent danger of being impaired. The mother openly acknowledged her mental health diagnoses and treatment (cf. Matter of Cerenithy Ecksthine B. [Christian B.], 92 AD3d 417, 417-419 [1st Dept 2012]). The record demonstrates that the mother was at all relevant times under the care of a psychiatrist and was compliant with the psychiatrist's prescribed medications. The court erroneously found that the mother "admitted that she was not compliant with the recommended treatment." While the mother did testify that she stopped taking one of her medications, she explained that she did so in accordance with her doctor's instructions because the medication had side effects. The mother's periodic gap in seeing a talk therapist also did not render her noncompliant with recommended treatment, as she explained that she did not think she and her therapist were a "good fit." Moreover, nothing in the record suggests consistent therapy was required for the mother to treat her anxiety and depression.
The mother's request for respite care was also not a proper basis for finding imminent risk. The narrative section of the ORT established that the mother called ACS because she was feeling overwhelmed with caring for her three children and was unwilling or unable to care for and supervise them any longer. The miscellaneous information section states that the mother said she did not want her children any longer and wanted ACS to take them. The testimony consistently summarizes the ORT as the mother seeking respite care, a service she was previously offered, because she was feeling overwhelmed. Contrary to the court's finding, the mother never "testified that she was afraid she was going to do something." The mother explicitly testified that she was not afraid she would "do something" to hurt her children or herself.
Respondent's appeal from the dispositional order dated April 24, 2024, and two permanency hearing orders dated April 24, 2024 and October 23, 2024, are rendered moot by the subsequently issued permanency hearing order (see Matter of Desiree D. [Iris D.], 209 AD3d 547, 549 [1st Dept 2022]). A request "to modify the placement terms of the dispositional order" is moot when "that order has expired by its own terms and was superseded by a later permanency order," which is the case here (id.). This is not a matter which warrants invoking the exception to the mootness doctrine (see Matter of A.K. [A.B.], 244 ad3d 535 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026